CHRISTIAN, J.,
delivered the opinion of the court.
This case is before us on an appeal from a decree of the circuit court of Shenandoah county. The decree appealed from, is in these words:
“This cause coming on to be heard, this 18th April, 1879, upon the bill and exhibits and the demurrer thereto, was argued by counsel. Upon consideration whereof, the court being of opinion that the bill is sufficient, said demurrer is therefore overruled; and it is further ordered that a rule' be awarded against said defendants to show cause why they should not answer the bill within 60 days from the rising of the present term of the court.”
The sole question we have to determine is. whether the circuit court erred in overruling the demurrer to the plaintiff’s bill. *The bill is filed by William Craig, administrator with the will annexed of Peter Craig, deceased. It seems from the averments in said bill that there being a contest about the will of Peter Craig, the appellant Helsley was appointed curator of the estate during the pendency of the contest respecting the will. That the said curator collected the sum of $2,938 in Confederate States treasury notes, of a debt due in a sound currency, and the object of the bill is to hold him and his securities liable for this amount in a sound currency.
The demurrer to the bill raises the single question, whether the appellee Craig, administrator with the will annexed of Peter Craig, had- authority or was the proper party to institute a suit against the curator to call him to account for the fund alleged to have been improperly collected by him in Confederate States treasury notes, instead of a sound currency. And the 'only point raised by the demurrer is, that the curator can only be held liable to the administrator or executor for the property which came into his bands; and for no other liability. It is insisted that such liability, as is sought by this bill, to be enforced, can only be asserted by distributees or legatees, or creditors of the estate, and that the executor or administrator to whom *579 the estate is committed, cannot sue for such liability.
The whole ground of the demurrer, therefore, is. that the plaintiff in the bill cannot maintain this suit. This question depends upon the true construction to be given to the statute law on the subject.
The provision of the Code respecting the appointment of a curator and prescribing his duties and liabilities, is as follows:
“Such court may appoint a curator of the estate of a decedent during a contest about his will, or during *the infancy, or in the absence of, an executor, or until administration of the estate be granted, taking from him bond in a reasonable penalty. The curator shall take care that the estate is not wasted before the qualification of an executor or administrator, or before such an estate shall lawfully come into possession of such executor or administrator. He r„„.. gup for, recover, and receive, all debts due to the decedent, and all his other personal estate; and likewise may lease, or receive the rents and profits, of any real estate whereof the decedent or testator may have died seized and possessed of, lying within the limits of the county or corporation from the court of which the said curator may have received his appointment. He shall pay debts so far as such payment may not affect the priority in the order of payment prescribed by law. and may be sued in like manner as an executor or administrator; and upon the qualification of an executor or administrator, shall account with him for, and pay and deliver to him, such estate as he has in his hands or may be liable for.”
It is plain, that by the express terms of this statute, the curator is responsible to the executor or administrator, when one is appointed, not only to deliver up such property as comes into his hands to be held and preserved by him as curator until there is an administration on the estate, but such executor or administrator may call on him for any funds for which he is liable or for any responsibility incurred by him in the exercise of the duties of his curatorship. To give any other construction to this statute, would be to ignore the plain words, “or is liable for,” and would violate the plainest rules of construction.
To enforce such liability the executor or administrator is the party to call him to account; and there is no ^reason why he should be only accountable to the distributees, devisees, or creditors of the estate. Whatever liability is incurred by or fixed upon the curator may be enforced at the suit of the executor or administrator to whom the estate is afterwards committed.
It has been insisted, however, and this is the ground mainly relied on, that the appel-lee. William Craig, is a mere administrator de bonis non with the will annexed, of Peter Craig, deceased, and, as such, he has no authority to call the appellant to account, as curator, for assets wasted or converted by the latter; and in support of this position, the case of Wernick v. Macmurdo, 5 Rand. 56, is cited to show that an administrator de bonis non is not authorized to proceed against a former executor or administrator for assets unadministered or converted. An examination of the opinions of the judges in that case will show that the decision was placed upon principles of law which have no sort of application to a curator whose powers are limited and plainly prescribed by the statute, before the determination of the contest about the will. The appellant’s powers as curator ceased when he qualified as executor, and as such it was his duty to account for and charge himself with the property which came to his hands as curator. Having failed to do so, he will still be chargeable as curator. He is liable to any future administrator of the estate.
The language of the statute, above cited, is broad enough to embrace all administrators. whether an administrator de bonis non or otherwise. And for the most obvious reasons, before the determination of the curatorship, by the death of the insane or incompetent party, it was designed that the entire estate should pass into the hands of the personal representative, who should be responsible to the creditors, legatees or dis-tributees; and further, that parties interested should *not be put to the expense and trouble of different suits against the curator and the personal representative. The curator is responsible to the administrator or executor, and the latter is liable to those entitled to the estate.
The court is therefore of opinion that the said circuit court did not err in overruling the demurrer to the plaintiff’s bill, and that the said decree overruling the demurrer and awarding a rule against the defendants requiring them to answer the plaintiff’s bill must be affirmed.
Decree affirmed.